IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DEON RUSH, (Former TDCJ-CID #1552652) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION G-15-0014 |
| ASSISTANT DIRECTOR STEVE MASSIE, *et al.*, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND OPINION

Deon Rush, a former inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, sued in January 2015, alleging that because he was not paid for work he had to do in prison while serving his sentence, his constitutional rights were violated. Proceeding *pro se* and *in forma pauperis*, Rush sued officials of the TDCJ Darrington Unit alleging that inmates are being treated like slaves by being forced to work without pay, violating their Eighth Amendment rights. Rush seeks compensatory damages of $300,000.00 and punitive damages in the same amount.

The threshold issue is whether the claims can proceed. Under 28 U.S.C. § 1915A, federal courts are to review, as quickly as practicable, a complaint in a civil action in which a prisoner seeks redress from a government entity, officer, or employee. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992);

*Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Rush's claims of involuntary servitude cannot proceed. Section One of the Thirteenth Amendment to the United States Constitution makes clear that, while "[n]either slavery nor involuntary servitude . . . shall exist within the United States, or any place subject to their jurisdiction," there is an exception for work required "as punishment for crime, whereof the party shall have been duly convicted." The law is clear that requiring inmates to work without compensation does not violate the Constitution. *Wendt v. Lynaugh,* 841 F.2d 619, 621 (5th Cir. 1988). The State maintains discretion to determine whether and under what circumstances inmates will be paid for their labor. *Wendt v. Lynaugh,* 841 F.2d 619, 621 (5th Cir. 1988). Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not sentenced to hard labor. *See Ali v. Johnson,* 259 F.3d 317, 318 (5th Cir. 2001); *Murray v. Miss. Dep't of Corr.,* 911 F.2d 1167, 1167 (5th Cir. 1990). Nor do inmates required to work without pay have a claim under the Fair Labor Standards Act. *Loving v. Johnson,* 455 F.3d 562, 563 (5th Cir. 2006). Prisons may punish inmates who refuse to work without justification. *Mikeska v. Collins,* 900 F.2d 833, 837 (5th Cir. 1990), modified, 928 F.2d 126 (5th Cir. 1991).

When Rush filed this suit, he had been convicted and sentenced to serve 18 years for burglary of a habitation. (Cause Numbers 16,022 & 16,024). He cannot state a claim for a deprivation of constitutional rights based on the fact that he was required to work in prison and not paid. Because

Rush cannot show that he was deprived of a right or interest secured by the Constitution and laws of the United States, his suit cannot proceed. *See Doe v. Rains Cnty. Ind. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

Rush's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted. This suit is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are denied as moot. The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List. Final judgment is entered by separate order.

SIGNED on April 7, 2015, at Houston, Texas.

                                                                          _____
                                                                          Lee H. Rosenthal
                                                                          United States District Judge